UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

TEDDY LANCASTER,

    Plaintiff,

    v.

FOREST RIVER, INC.,
and AL-KO KOBER, LLC.,

    Defendants.

Civil Action No. 3:12-CV-598 JVB

**OPINION AND ORDER**

    Plaintiff brings this action under the Magnuson-Moss Warranty Act (MMWA)[1] for a breach of written warranty by Defendants Forest River, Inc., and AL-KO Kober, LLC.[2] Both defendants move to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**A. Background**

    Plaintiff purchased a 2008 Forest River Eliminator trailer from a nonparty in Florida for $47,506. (Pl. Resp., Lancaster Aff. ¶ 4.) The trailer allegedly came with a limited warranty from both Defendant AL-KO, covering the axles on the trailer, and Defendant Forest River, covering the body and structure of the trailer. (Compl. ¶¶ 9, 11.) Plaintiff claims that the trailer is now in a

---

[1] 15 U.S.C. §§ 2301–2312
[2] Plaintiff originally brought a claim for breach of implied warranty as well. But she now concedes the action is barred by the statute of limitations. (*See* Pl. Resp. 4) ("Plaintiff agrees that her implied warranty claims arising from the April 2008 sale are barred by the relevant statute of limitations and therefore does not contest the dismissal of these claims.")

"defective, potentially dangerous condition" (*Id*. ¶ 16) and that the value of the trailer when it was purchased was actually $8,500 as opposed to the purchase price of $47,506 (Pl. Resp., Lancaster Aff. ¶ 12). Plaintiff also states that she has spent $19,516.18 on repairs. (*Id*. ¶ 7.) Plaintiff claims direct damages of $39,006 and consequential damages of $19,516.18 to arrive at a sum of $58,522.18 in total damages. (Pl. Surreply 1.)

**B. Plaintiff alleges more than $50,000 in damages and therefore satisfies the jurisdictional requirement**

The MMWA allows state law claims for breach of warranty in federal court when the amount of damages exceeds $50,000. *See, e.g., Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998); *see also* 15 U.S.C. § 2310. The damages are calculated using state law, but the standard for evaluating sufficiency of a jurisdictional amount is federal.

To dismiss a claim for want of jurisdiction, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Gardynski-Leschuck,* 142 F.3d at 955 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Only damages that are "legally impossible" to recover are removed from the calculation, no matter how improbable the actual recovery. *Id*. (citing *Pratt Central Park Ltd. P'ship v. Dames & Moore, Inc.*, 60 F.3d 350, 350 (7th Cir. 1995). In sum, if Plaintiff alleges damages that exceed $50,000 that are possible to recover, this Court has jurisdiction.

**(1)** *Measure of damages*

For an alleged breach of warranty, Indiana Code § 26-1-2-714(2) defines direct damages as "the difference at the time and place of acceptance between the value of the goods accepted and

the value they would have had if they had been as warranted." Also, in the proper case, damages may include "any incidental and consequential damages." *Id*.

Incidental damages are those that result from the warrantor's breach including "expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected." Ind. Code § 26-1-2-715(1).[3]

Consequential damages are defined as "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know which could not be reasonably prevented by cover or otherwise; and [any] injury to person or property resulting proximately resulting from any breach of warranty." Ind. Code § 26-1-2-715(2).

**(2)** *Sufficiency of pleaded damages*

Plaintiff calculates damages as direct damages of $39,006 and consequential damages of $19,516.18 for a sum of $58,522.18 in total damages. (Pl. Resp. 4.)

Defendants argue that the written warranty extended to Plaintiff disclaimed all consequential damages and any claim for that type of damage cannot be included in the jurisdictional calculation. But Plaintiff asserts that the remedy limitations were not bargained for before the transaction took place and are therefore void. *See*, *e.g.*, *Hahn v. Ford Motor Co., Ind.*, 434 N.E.2d 943, 948 (Ind. Ct. App. 1982) ("[I]n instances where a seller does not attempt a modification of warranty or limitation of remedy until after the contract for sale has been made, even properly worded limitations or exclusions are ineffective.") At this stage, the Court accepts as true the contention that the remedy limitations were not bargained for and will include a claim for consequential damages in calculating the amount in controversy.

---

[3] Because the trailer was not rightfully rejected at any time, there can be no claim for incidental damages.

The Defendants also contend that Plaintiff is double counting damages for the purpose of establishing jurisdiction and that it would be legally impossible to recover both types of damages. (Forest River's Mem. Supp. Mot. Dismiss 4, DE 18; AL-KO's Mem. Supp. Mot. Dismiss 6, DE 15.) In support of this argument they cite to *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E. 2d 941, 955–956 (Ind. 2001).

In *Rheem*, the court restated the principle that "the cost of repair may serve as a proxy for direct damages," in the event that the typical form of measuring damage fails. *Id*. at 945 (citing *Jones v. Abriani*, 350 N.E.2d 635, 646 (1976)). Defendants read this to mean that Plaintiff must use either the repair cost or the difference in value approach. But Plaintiff is not using the cost of repair to measure direct damages; instead, Plaintiff defines these costs as consequential damages beyond that which would bring the trailer back to its bargained for value. Plaintiff seeks to recover the costs associated with having to keep a faulty trailer that consistently needed repair. Plaintiff claims that the Defendants have tried to repair the axles on the trailer but have failed to do so as of yet. (Compl. ¶¶ 14–16.) The repair costs, if recovered, would allow Plaintiff to recover for any consequential damages associated with keeping the trailer when Defendants have allegedly failed to fix the problems.

The Court, at this stage of litigation, will consider the repair costs as consequential damages defined by Indiana Code § 26-1-2-715(2). Plaintiff has pleaded direct damages of $39,006 and consequential damages of $19,516.18. It is not legally impossible for Plaintiff to recover both measures of damages; therefore, the Court finds that Plaintiff has alleged sufficient damages to meet the jurisdictional threshold of $50,000 under the MMWA.

**A.  Procedural Posture and Motion to Dismiss**

Before the Court reaches the merits of the 12(b)(6) motion, it must clarify what is properly before it on this motion. AL-KO has attached the limited warranty in question that it wants the Court to consider in reviewing the Motion to Dismiss. (AL-KO Limited Warranty Ex. A, DE 16-1.) Plaintiff also claims that AL-KO improperly argued that the warranty did not extend to Plaintiff in its reply brief because it was not originally set out in its initial memorandum.

**(1)** *The warranty is central to Plaintiff's claim*

Normal procedure requires the Court to either exclude the documents outside the pleadings and continue under Rule 12(b)(6) or convert the motion into one for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")

But, there is a narrow exception to this rule: "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are *central* to [plaintiff's] claim." *Levenstein v. Salafsy*, 164 F.3d 343, 347 (7th Cir. 1998) (quoting *Wright Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). This exception is aimed at cases similar to those that require a reading of a contact. *Id*. The exception is a tool courts can use to dismiss meritless cases at the outset. *Id*. And "were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved his claim had not merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993)).

A breach of warranty claim is identical, for these purposes, to one for breach of contract. The copy of the warranty that was submitted by AL-KO is central to Plaintiff's claim and is referred

to repeatedly in the complaint. Accordingly, the Court will incorporate the copy of the warranty into the pleadings and use it to evaluate the Motion to Dismiss.

### (2) *AL-KO did not improperly raise new arguments in its surreply*

Plaintiff argues that AL-KO improperly argued for the first time in its reply brief that the warranty did not extend to Plaintiff. (Pl. Surreply, DE 29-1 at 4); *e.g.*, *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625 (7th Cir. 2007) ("it is well settled that arguments first made in the reply brief are waived.") The Court would agree with Plaintiff and not consider that argument if AL-KO did, in fact, raise it for the first time in its reply. But, AL-KO argues in its opening brief:

> In the present case, the Plaintiff did not set forth any facts in her Complaint which established any written contract, agreement, or warranty *directly* between the Plaintiff and AL-KO. Although the Plaintiff mentions a limited warranty from AL-KO in paragraph 11 of her Complaint, the Plaintiff does not set forth any facts which establish a direct warranty between herself and AL-KO. Instead, as already noted, AL-KO's Limited Warranty extends to Forest River, Inc. only as the original purchaser of the axles.

(AL-KO's Br. Supp. Mot. Dismiss, DE 15 at 9.) Accordingly, AL-KO does not raise the issue for the first time in its reply; the argument was properly raised first in its opening brief.

### (3) *The written warranty from AL-KO did not extend to Plaintiff*

Plaintiff brings a claim for a breach of written warranty for a trailer he purchased in 2008 against AL-KO, the manufacturer of the trailer's axles. (Compl. ¶¶ 26–29.) Plaintiff contends that "the [trailer] came with a limited written warranty from AL-KO that warranted, for a period of five years, that the axles would be free from substantial defects in material and workmanship."

(*Id*. ¶ 11.) But the warranty against substantial defects only extended to the original installer of the axles, which in this case is Forest River.

The warranty reads in relevant part:

> AL-KO KOBER CORPORATION warrants to the original purchaser of its products that all workmanship and materials utilized in the construction of said parts by AL-KO KOBER CORPORATION will be free from substantial defects in material and workmanship for a period of one (1) year from the date of purchase of said products, with the following exception: in place of the one (1) year limited warranty, rubber suspension axles manufactured by AL-KO KOBER CORPORATION are warranted as provided herein for a period of five (5) years.
>
> . . .
>
> This warranty extends only to the original installation of AL-KO KOBER CORPORATION's products and is not transferable to any other parties. AL-KO KOBER CORPORATION does not assume responsibility for any promises, warranties, or representations beyond those expressed in this written document.
>
> AL-KO KOBER CORPORATION's obligations and undertakings in this warranty are limited to the repair or replacement at its option, of any defective products manufactured by AL-KO KOBER CORPORATION, and in no event shall AL-KO KOBER CORPORATION be liable for any consequential, indirect, or incidental costs or damages, including loss of use or any other damages of any type arising out of such defective parts or products.

(AL-KO Limited Warranty, Ex. A, DE 16-1 at 1.) It is clear that the warranty did not extend to Plaintiff. And Plaintiff nowhere contends that there is another warranty that provides alternative grounds for relief. As such, Plaintiff has failed to state a claim for breach of written warranty against AL-KO.

### D. Plaintiff's claim survives against Forest River

Forest River asserts that the claim for breach of implied warranty is barred by the statute of limitations. (Forest River's Mem. Supp. Mot. Dismiss 5, DE 18.) Furthermore, it contends that

7

the trailer is not a consumer product and therefore any claim under the MMWA is inapt. (*Id*. at 4–5.)

### (1) *The statute of limitations did not accrue until the actual breach*

Normally, the statute of limitations for breach of warranty cases is four years from the delivery of the good. Ind. Code § 26-1-2-725(1). But, in cases where the warranty explicitly extends to future performance, the statute of limitations does not begin until the breach is or should have been discovered. Ind. Code § 26-1-2-725(2) ("A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered").

The Complaint alleges that the trailer has had problems since November 2008. (Compl. ¶ 12.) The Complaint was filed on October 17, 2012, within four years of the discovery of the breach of warranty. Therefore, the claim falls within the statute of limitations.

### (2) *The Court draws the inference that the trailer is a "consumer product"*

The MMWA covers consumer products defined as "any tangible property which is distributed in commerce and which is normally used for personal, family, or household purposes." 15 U.S.C. § 2301(1).

The Complaint does not explicitly say that the trailer is a consumer product. But the Court reasonably infers that the trailer is a consumer product because it was purchased from a seller of recreational vehicles, Forest River. (Compl. 5.)

Forest River argues that the trailer is not a consumer product but presents nothing in the briefs supporting that proposition. The Court presumes—but makes no finding as to whether—the trailer is a consumer product.

**E. Conclusion**

For those reasons, the Court:

- GRANTS Defendant AL-KO's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), (DE 14);
- DENIES Defendant Forest River's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), (DE 17); and
- GRANTS Plaintiff's Motion to File Surreply Brief (DE 29).

SO ORDERED on September 30, 2013.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE